# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| MATTHEW V. SALINAS, | Case No. 1:18-cv-00235-BAM (PC) |
|---|---|
| Plaintiff, | SCREENING ORDER GRANTING PLAINTIFF LEAVE TO FILE AMENDED COMPLAINT |
| v. | |
| COUNTY OF KERN, et al., | (ECF No. 7) |
| Defendants. | THIRTY-DAY DEADLINE |

Plaintiff Matthew V. Salinas ("Plaintiff") is a former jail inmate proceeding pro se and in forma pauperis in this civil rights action under 42 U.S.C. § 1983. Plaintiff's first amended complaint, filed on March 9, 2018, is currently before the Court for screening. (ECF No. 7.)

**I.  Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader

1

is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Plaintiff's Allegations**

Plaintiff was a former pretrial detainee housed in both the Kern County Jail Downtown ("IRC") and Lerdo in Bakersfield, California, at the time of the events alleged in the complaint. Plaintiff names the following defendants: (1) County of Kern; (2) Kern County Sheriff, Donny Youngblood; and (3) Kern County Deputy Sheriffs, Does 1-10.

As best as the Court can determine, Plaintiff alleges that he has been diagnosed as a having a mental disorder, with a diagnosis of Bipolar 1 D/O MRE hypomanic. In July 2017, he was placed into the Kern County Mental Health Program.

On December 26, 2017, Plaintiff was booked into the Kern County IRC jail. Upon being screened, Plaintiff informed jail medical staff of his medical and mental health complaints and prescribed medications. Plaintiff also informed jail staff that he was suffering from symptoms of his mental health disorder and needed his medications. Plaintiff reportedly showed jail medical staff the prescription receipts that he had on his person. Jail medical staff allegedly informed Plaintiff that he would be seen by mental health staff in three to four weeks and could request medications at that time.

On the same date, Plaintiff informed Kern County Sheriff's Deputies, Does 1-5, that he

was suffering from symptoms of his mental health disorder. Specifically, Plaintiff asserted that he was hearing voices telling him to "lash out" and "hurt people." Due to these complaints, Plaintiff was placed into an Ad-Seg cell with no safety monitoring by medical-mental health staff. Later that night, due to Plaintiff's continued complaints of mental health issues, Plaintiff was seen by a nurse. After hearing Plaintiff's complaints and identifying that Plaintiff was having a mental health crisis, the nurse contacted the doctor on call and had Plaintiff's medications ordered. Plaintiff alleges that Does 1-5 discriminated against him by denying him access to a mental health crisis unit bed where he would be under continued safety-monitoring by medical and mental health staff and instead placing him in an Ad-Seg cell solely due to his mental health.

On the following day, December 26, 2017, Plaintiff was transferred to the Kings County Lerdo Jail, where he would remain in Ad-Seg.

On January 11, 2018, Plaintiff was transported to the Kings County IRC jail pending a court appointment that same day. As part of the transport, Plaintiff was placed into handcuffs, waist chains and leg chains. Due to his Ad-Seg status, Plaintiff was placed into an Ad-Seg court temporary holding cell by Kern County Sheriff's Deputies, Does 6-8. Upon entering the cell, Plaintiff was ordered to stand next to the cell bars and Does 6-8 attached a leg chain on the cell bars to Plaintiff's leg chains. The leg chain attached to the cell bars was no longer than three (3) feet and "this only allowed Plaintiff the ability to stand or sit down or risk falling while still in handcuffs, waist chains and leg chains without even the ability to arrest and/or brake [sic] his fall, placing Plaintiff in obvious and serious danger by chaining Plaintiff's legs to the cell's wall/bars." (ECF No. 7 at 10.)

After Plaintiff had been in the Ad-Seg court holding cell for about one hour, Plaintiff needed to use the restroom. Plaintiff noticed that the cell had no access to either drinking water or toilet. Plaintiff then asked Does 6-8 if he could use the restroom, but they informed Plaintiff that no restrooms were available and he would have to wait until he was transported back to the Lerdo Jail to use the restroom. Plaintiff alleges that he had left the Lerdo Jail at about 7:30 a.m. and remained in the court holding cell for two hours having to hold his urine.

Plaintiff was then taken to his court appointment, where he remained for about three (3)

3

hours. After the court appointment, Plaintiff was returned to the Ad-Seg court holding cell by Does 9-10. Plaintiff's leg chain again was attached to the leg chain attached to the cell bars/wall. Plaintiff informed Does 9-10 that he had not been able to use the restroom since about 7:00 a.m., and it was causing him pain. Plaintiff asked to use the restroom, but Does 9-10 explained that they only worked in the courtrooms and Plaintiff would have to ask the floor officers. Plaintiff repeated his request to Does 6-8, who told Plaintiff that no restroom/toilet was available. Plaintiff remained in the Ad-Seg court holding cell for four (4) hours before being transported back to the Lerdo Jail. Plaintiff reportedly suffered pain until his return.

Plaintiff alleges that Defendant County of Kern was the moving force responsible for allowing the use of a court/temporary holding cell room with no access to either drinking water or restroom toilets and is the employer of all defendants, responsible for supervision, compliance and enforcement of all policies and procedures.

Plaintiff alleges that Defendant Donny Youngblood, the Kern County Sheriff, was the moving force responsible for allowing the use of a court/temporary holding cell room with no access to either a drinking water or restroom toilet and also was responsible for promulgating, supervising and enforcing policies and procedures affecting disabled inmates.

Plaintiff asserts violations of the Americans with Disabilities Act, the Eighth Amendment to the United States Constitution, and violation of various state laws.

**III. Discussion**

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted. As Plaintiff is proceeding pro se, he will be granted leave to amend his complaint to cure the deficiencies in his complaint to the extent he can do so in good faith. To assist Plaintiff, the Court provides the following pleading and legal standards relevant to his claims.

**A. Federal Rules of Civil Procedure 18 and 20**

Plaintiff may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011); George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff may bring a claim against multiple defendants so long as (1) the claim arises out of the same transaction or occurrence, or series of transactions and

occurrences, and (2) there are commons questions of law or fact. Fed. R. Civ. P. 20(a)(2); <u>Coughlin v. Rogers</u>, 130 F.3d 1348, 1351 (9th Cir. 1997). The "same transaction" requirement refers to similarity in the factual background of a claim. <u>Id.</u> at 1349. Only if the defendants are properly joined under Rule 20(a) will the Court review the other claims to determine if they may be joined under Rule 18(a), which permits the joinder of multiple claims against the same party.

Plaintiff may not raise different claims against different defendants in a single action. For instance, Plaintiff may not, in a single case, assert a claim related to his mental health treatment and placement against one set of defendants while simultaneously asserting an excessive force or deliberate indifference claim against a different set of defendants. Unrelated claims involving multiple defendants belong in different suits. If Plaintiff elects to amend his complaint, he must choose which properly joined claims he seeks to pursue in this action and limit his pleading to those claims.

### B. Denial of Mental Health Care

At all times relevant to this complaint, Plaintiff was a pretrial detainee. A pretrial detainee's constitutional rights are addressed under the due process clause of the Fourteenth Amendment, not the Eight Amendment's prohibition against cruel and unusual punishments. <u>Castro v. Cty. of Los Angeles</u>, 833 F.3d 1060, 1067–68 (9th Cir. 2016), cert. denied sub nom. <u>Los Angeles Cty., Cal. v. Castro</u>, 137 S. Ct. 831, 197 L. Ed. 2d 69 (2017). The elements of a pretrial detainee's medical care claim against an individual defendant under the due process clause of the Fourteenth Amendment are: (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries. <u>Gordon v. Cty. of Orange</u>, 888 F.3d 1118, 1125 (9th Cir. 2018).

Plaintiff contends that he was denied necessary mental health treatment upon his admission to the Kern County IRC facility. However, Plaintiff's own allegations undermine this contention.

5

As pled, Plaintiff admits that he received not only a mental health screening upon his initial arrival, but that in response to his complaints that very same day, he was moved to Ad-Seg, evaluated by a nurse, and medications were ordered from a doctor. Plaintiff does not adequately allege that any defendant failed to take reasonable measures to address Plaintiff's mental health issues or that he suffered any injuries as the result of a particular defendant's conduct. This is also true with respect to Plaintiff's complaint that he was not placed in a mental health crisis bed. There is no indication that Plaintiff suffered any harm relative to his placement in Ad-Seg.

### C. Conditions of Confinement

#### 1. Denial of Restroom/Water

To state a claim that he was denied access to a restroom in violation of the Fourteenth Amendment, Plaintiff must allege that (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not taking such measures, the defendant caused the plaintiff's injuries. Castro, 833 F.3d at 1071. With respect to the third element, the defendant's conduct must be "objectively unreasonable." Id. citing Kingsley, 135 S.Ct. at 2473). This is a standard that is something "more than negligence but less than subjective intent—something akin to reckless disregard." Castro, 833 F.3d at 1071.

In the Eighth Amendment context, which informs the analysis under the Fourteenth Amendment, courts have held that allegations involving a temporary delay in allowing a prisoner to use a restroom or have access to water fall short of establishing a constitutional violation. See, e.g., Johnson v. Lewis, 217 F.3d 726, 733 (9th Cir. 2000) (recognizing that "toilets can be unavailable for some period of time without violating the Eighth Amendment"); Hartsfield v. Vidor, 199 F.3d 305, 310 (6th Cir.1999) (determining denial of water and bathroom for two eight-hour periods on two days not cruel and unusual punishment); Saenz v. Reeves, No. 1:09-cv-00557-BAM PC, 2012 WL 4049975, at *14 (E.D. Cal. Sept. 13, 2012) (finding that denying prisoner

access to a toilet and water for five and one half hours on one occasion and four and one half hours on a separate occasion, while in a holding cell, were not sufficient to rise to the level of a sufficiently serious deprivation to violate the Eighth Amendment); Wilkins v. Ahern, No. 3:08–cv–01084–MMC (PR), 2008 WL 4542413, at *6 (N.D. Cal. Oct. 6, 2008) (housing in cell with clogged toilet for six hours, without a mattress for twelve hours, and a filthy toilet for forty-eight hours does not rise to an Eighth Amendment violation).  These cases are instructive, and Plaintiff's allegation that he was denied access to a restroom and water for approximately nine hours on a single day is insufficient to state a claim upon which relief may be granted.  Although Plaintiff may have experienced discomfort, he does not allege that the delay placed him at substantial risk of suffering serious harm or, critically, that he suffered any injury from the delay.  As Plaintiff does not state a cognizable claim for denial of a restroom, he also cannot sustain a related policy-based claim regarding placement in the Ad-Seg court holding cell.

### 2. Leg Chains

Plaintiff also alleges a violation of his rights based on the use of leg chains attached to the cell bars/wall in the court holding cell.  However, as with his claim regarding denial of the restroom, Plaintiff does not allege that he suffered any injury from the use of the leg chains.  Further, Plaintiff's assertion of possible harm is too speculative to support a claim under the Fourteenth Amendment.

### D. Americans with Disabilities Act ("ADA")

Plaintiff alleges a violation of Title II of the ADA, which prohibits discrimination on the basis of disability. Lowell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002). However, Plaintiff cannot bring an action under 42 U.S.C. § 1983 against a State official in his or her individual capacity to vindicate rights created by Title II of the ADA. See Vinson v. Thomas, 288 F.3d 1145, 1156 (9th Cir. 2002).

Moreover, the nature of Plaintiff's ADA is unclear.  To the extent he is asserting a violation based on treatment or lack of treatment, including certain accommodations, such an assertion will not support an ADA claim. The ADA prohibits discrimination because of disability, not inadequate treatment for disability. Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1022 (9th Cir. 2010); see

also Bryant v. Madigan, 84 F.3d 246, 249 (7th Cir. 1996) ("[T]he Act would not be violated by a prison's simply failing to attend to the medical needs of its disabled prisoners .... The ADA does not create a remedy for medical malpractice."). Inadequate treatment or lack of treatment for Plaintiff's mental health condition does not in itself suffice to create liability under the ADA. Tandel v. Cty. of Sacramento, 2015 WL 1291377, at *18 (E.D. Cal. Mar. 20, 2015). Thus, Plaintiff's complaint regarding mental health treatment decisions are not sufficient to state a claim under the ADA. Bryant, 84 F.3d at 249 ("No discrimination is alleged; Bryant was not treated worse because he was disabled. His complaint is that he was not given special accommodation."). Plaintiff also fails to state a cognizable claim based on allegations that he was not placed in a mental health crisis bed. As Plaintiff admits, he was placed in Ad-Seg in an effort to treat his mental health condition, and not because of discrimination.

**E.    Doe Defendants**

Plaintiff names certain unknown engineers as Doe Defendants. "As a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). Plaintiff is advised that Doe defendants (i.e., unknown defendants) cannot be served by the United States Marshal until Plaintiff has identified them as actual individuals and amended his complaint to substitute names for John Doe or Jane Doe.

**IV.    Conclusion and Order**

Plaintiff's complaint fails to state a cognizable claim for relief. As Plaintiff is proceeding pro se, the Court will grant Plaintiff an opportunity to amend his complaint to cure the above-identified deficiencies to the extent he is able to do so in good faith. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated

claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Within thirty (30) days from the date of service of this order, Plaintiff shall either file an amended complaint curing the deficiencies identified by the Court in this order or file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a); and

3. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim.

IT IS SO ORDERED.

Dated: **November 7, 2018**  /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE